UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
) **JUDGE RICHARD L. SPEER**
Veronica Russell )
) Case No. 10-33164
    Debtor(s) )
)

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Debtor's Motion for Contempt of Court and for Violation of the Automatic Stay. (Doc. No. 10). The Debtor's Motion is brought against the Toledo Postal Employees' Credit Union, Inc., a creditor, and its legal counsel, Thomas Overly. On the Debtor's Motion, the Court has now had the opportunity to review the arguments submitted by the Parties, both oral and written, as well as the entire record in this case. Based upon this review, the Court finds that the Debtor's Motion for Contempt of Court and for Violation of the Automatic Stay should be Granted, subject to the limitations set forth herein.

## BACKGROUND

The Toledo Postal Employees' Credit Union holds a judgment against the Debtor. To enforce its judgment, the Credit Union (hereinafter the "Creditor") effectuated a wage garnishment with the Debtor's employer, the United States Postal Services. The order of garnishment was entered by the Lucas County Court of Common Pleas, which continued thereafter to administer the garnishment.

While the garnishment order was in effect, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The Debtor filed her petition for bankruptcy relief on May 6, 2010. Contemporaneous with the commencement of her bankruptcy case, counsel for the Debtor provided notice of the bankruptcy filing to Creditor's counsel, Thomas Overly, and to the Lucas County Court of Common Pleas.

In re: Veronica Russell
Case No. 10-33164

After the commencement of her bankruptcy case, the Debtor's wages were garnished on two separate occasions. The first postpetition garnishment was for the amount of $451.00 and occurred on or about May 14, 2010. On May 28, 2010, the Debtor's wages were again garnished; this time in the amount of $425.00.

At the time of each of these garnishments, Creditor's counsel was immediately notified of the action. Documentation, however, was not filed by Creditor's counsel to have the state court release the garnishment until May 28, 2010, after the second postpetition garnishment to the Debtor's wages had occurred. The Debtor has since been reimbursed all those funds garnished on a postpetition basis.

On June 2, 2010, the Debtor brought the action now before the Court. For her action, the Debtor alleged that, since the commencement of the case, the Creditor and Creditor's counsel "are in direct violation of the automatic stay by virtue of their failure to take any action to cease and/or withdraw the garnishment proceeding" against her. (Doc. No. 10). Based on these allegations, the Debtor asks the Court to award her the amount of funds wrongfully garnished, plus statutory interest and attorney's fees and punitive damages pursuant to 11 U.S.C. § 362(k). (Doc. No. 10).

## DISCUSSION

The matter before the Court concerns the application of the automatic stay as set forth in 11 U.S.C. § 362. Specifically, damages are sought based upon the Debtor's allegation that the Creditor and Creditor's counsel violated the automatic stay. Determinations concerning a violation of the automatic stay, and an award of damages thereunder, are deemed to be "core proceedings." Accordingly, this Court has the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. § 157; *In re Pawlowicz*, 337 B.R. 640, 645 (Bankr. N.D.Ohio 2005).

In re: Veronica Russell
Case No. 10-33164

Upon the commencement of a bankruptcy case, an automatic stay goes into effect. 11 U.S.C. § 362(a) The scope of the stay is broad and operates to enjoin essentially any act, whether the commencement or continuation thereof, by a creditor to collect on a prepetition claim. *In re Harchar*, 393 B.R. 160, 167 (Bankr. N.D.Ohio 2008). The purpose of the automatic stay is to provide the debtor with some breathing room from creditor's collection efforts and to "ensure the orderly liquidation of the debtor's bankruptcy estate." *In re Perviz*, 302 B.R. 357, 365 (Bank. N.D. Ohio 2003).

The scope of the automatic stay is sufficiently broad so as to place an affirmative duty on a creditor garnishing a debtor's wages to release the garnishment upon receiving notice of the debtor's bankruptcy. *In re Scroggin*, 364 B.R. 772, 779-80 (10th Cir. B.A.P. 2007); *In re Timbs v. Gross*, 178 B.R. 989, 991 (Bankr. E.D. Tenn. 1994); *In re Dennis*, 17 B.R. 558, 560 (Bankr. M.D.Ga. 1982). At the same time, it is a familiar maxim that the law does not require vain or useless acts.[1] Contrary, therefore, to the Debtor's position, it cannot be stated with certainty that a duty to release the garnishment arose on the part of Creditor's counsel on May 6, 2010, when the Debtor commenced her bankruptcy case and notice thereof was first provided to Creditor's counsel. This is because contemporaneous with this action, Debtor's counsel also provided notice of the pending bankruptcy to the court administering the garnishment, an act which one could reasonably construe as sufficient to effectuate a release of the garnishment.

In any event, it is clear that by May 14, 2010, an affirmative duty arose on the part of Creditor's counsel to take action to release the wage garnishment. On that day, Creditor's counsel received notice that the Debtor's wages were still being garnished, notwithstanding that prior notice had been provided to the court administering the garnishment. No action, however, was undertaken

---

[1] *Quod vanum et inutile est, lex non requirit.* "The law does not require what is vain and useless." BLACK'S LAW DICTIONARY app. B (8th ed. 2004).

Page 3

In re: Veronica Russell
Case No. 10-33164

by Creditor's counsel to prevent any further wage garnishments until May 28, 2010, after the Debtor's wages had again been garnished. Based, therefore, upon this sequence of events it can only be concluded that Creditor's counsel, by failing to take action after May 14 to release the garnishment, violated the automatic stay when Debtor's wages were again garnished on May 28.

Where a violation of the automatic stay has occurred, a debtor's ability to recover damages is governed by 11 U.S.C. § 362(k)(1). Under this provision, an award of actual damages is mandatory upon a finding that the violation of the stay was willful. *In re Mosher*, 432 B.R. 472, 476 (Bankr. D.N.H. 2010). Specifically, § 362(k)(1) provides, *inter alia*, ". . . an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

It is well-established that no specific intent is required to sustain a finding that a creditor willfully violated the stay. *Harris v. Memorial Hosp. (In re Harris)*, 374 B.R. 611, 615 (Bankr. N.D.Ohio 2007). Instead, a willful violation of the stay occurs simply "when the creditor knew of the stay and violated the stay by an intentional act." *TranSouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 687 (6th Cir. B.A.P. 1999) (interpreting § 362(h)). For this purpose, Creditor's counsel fully acknowledged that he received actual notice of the Debtor's bankruptcy filing soon after the Debtor commenced her case. As a result, § 362(k)(1) requires that any damages sustained by the Debtor after May 14, 2010, when the stay violation first occurred, are compensable.

As a causational requirement of 362(k), any compensatory damages awarded to a debtor must be the result of an "actual injury." *Archer v. Macomb County Bank*, 853 F.2d 497, 500 (6th Cir. 1988). A "damage award must not be based on 'mere speculation, guess, or conjecture.'" *Id.* at 499, citing *John E. Green Plumbing & Heating Co. v. Turner Construction Co.*, 742 F.2d 965, 968 (6th Cir.1984), *cert. denied* 471 U.S. 1102, 105 S.Ct. 2328, 85 L.Ed.2d 845 (1985). As the individual

Page 4

In re: Veronica Russell
Case No. 10-33164

seeking recovery, the Debtor has the burden of proof on the issue of damages. *In re Sharon*, 234 B.R. at 687.

As taken from her Motion, the Debtor's actual damages are comprised of two components: the funds wrongfully garnished, and attorney's fees. For all practicable purposes, however, the first component has been rendered moot, with the postpetition funds garnished from the Debtor having been returned to her. The Debtor's actual damages are, thus, limited to attorney's fees. Under a billing statement provided to the Court, Debtor's attorney alleged that, in addressing the stay violation, she rendered $1,575.00 worth of legal services.

Section 362(k) explicitly provides that any attorney fees incurred by a debtor as the result of a stay violation are compensable as actual damages. While § 362(k)(1) does not specify any standard a court is to employ when making an award of attorney fees, a few parameters are generally accepted. First, and foremost, the attorney fees must be reasonable. *In re Harris*, 374 B.R. 611, 617 (Bankr. N.D.Ohio 2007).

When determining the reasonableness of fees, courts may and do frequently look to other provisions of the Bankruptcy Code, primarily § 330 which governs awards of professional fees. *Id*. Under this provision, it is provided that when determining the amount of reasonable compensation to be awarded, the court should take into account "whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." § 330(a)(3)(F).

Additionally, the attorney fees requested should bear a reasonable relationship to the amount in controversy. *Mitchell v. BankIllinois*, 316 B.R. 891 (S.D.Tex.2004). In this way, significant awards of attorney fees are rarely appropriate where the debtor has no other damages besides the attorney fees. *In re Risner*, 317 B.R. 830, 840 (Bankr. D.Idaho 2004). A debtor is also under a duty

Page 5

In re: Veronica Russell
Case No. 10-33164

to mitigate their damages. For attorney fees, this means that after reasonable offers of settlement are made, any attorney fees incurred thereafter must be borne by the debtor. *In re Esposito*, 154 B.R. 1011, 1015-16 (Bankr.N.D.Ga.1993).

Within these parameters, the Court, having reviewed the billing statement submitted by Debtor's attorney, finds that the sum of $650.00 constitutes a reasonable figure for attorney's fees. Judgement, therefore, will be rendered in the Debtor's favor in this amount. The Debtor's further request for punitive damages, however, will be denied.

Section 362(k) authorizes an award of punitive damages "in appropriate circumstances." The term "appropriate circumstances" is not defined by the Bankruptcy Code, but has generally been held to require egregious misconduct on the creditor's part such as that which is taken in arrogant defiance of federal law. *In re Pawlowicz*, 337 B.R. at 648.

In this matter, while the conduct of Creditor's counsel was hardly laudatory, thus warranting an award of actual damages, his conduct can hardly be said to be egregious. Specifically, it is noted that after the Debtor's wages were garnished a second time, Creditor's counsel took prompt action to have the garnishment released. Accordingly, the Debtor's award of damages will be limited to attorney fees in the amount of $650.00.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 6

In re: Veronica Russell
Case No. 10-33164

Accordingly, it is

**ORDERED** that, based upon a violation of the automatic stay of 11 U.S.C. § 362(a), judgment for legal fees is hereby rendered pursuant to 11 U.S.C. § 362(k)(1) in favor of the Debtor, Veronica Russell, against Creditor's legal counsel, Thomas Overly, in the amount of Six Hundred Fifty Dollars ($650.00).

**IT IS FURTHER ORDERED** that, pursuant to Bankruptcy Rule 9021, the Clerk, United States Bankruptcy Court, shall issue a judgment entry in accordance with the above order.

Dated: November 18, 2010

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 7

10-33164-rls    Doc 27    FILED 11/18/10    ENTERED 11/18/10 16:47:25    Page 7 of 8

# CERTIFICATE OF SERVICE

Copies were mailed this 18th day of November 2010 to:

Douglas A Dymarkowski
5431 Main Street
Sylvania, OH 43560

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131

Veronica L. Russell
3617 Foxbrook Ct.
Toledo, OH 43611

Judith A Myers
316 N. Michigan, Suite 300
Toledo, OH 43604

Toledo Postal Employees Credit Union
P.O. Box 117
Toledo, OH 43697

Sheila A McKeon
420 Madison Avenue Suite 1250
Toledo, OH 43604

Thomas G Overley
3450 West Central Ave. Suite 332
Toledo, OH 43606

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court