# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Veronica Russell

**JUDGE RICHARD L. SPEER**

Case No. 10–33164

## DECISION AND ORDER

This cause comes before the Court upon the Motion for Reconsideration filed by Attorney Thomas G. Overley, counsel for the Creditor, Toledo Postal Employees Credit Union, Inc. (Doc. No. 29). This Motion is directed at this Court's prior decision whereby a judgment for legal fees was rendered in favor of the Debtor and against Thomas Overley in the amount of $650.00. (Doc. No. 27). For his Motion, Attorney Overley requests that the Court either eliminate or reduce this award. The Debtor, Veronica Russell, filed a Response to the Motion, asking the Court to deny Attorney Overley's Motion for Reconsideration. (Doc. No. 30). After consideration of the arguments made by the Parties, the Court finds, for the reasons set forth herein, that the relief sought by Attorney Overley should be Denied.

## BACKGROUND

On June 1, 2010, the Debtor, Veronica Russell, filed a Motion For Contempt/Violation of Automatic Stay. This Motion was directed against Attorney Overley as legal counsel for Toledo Postal Employees Credit Union, Inc., a creditor in this case. On the Debtor's Motion, this Court, finding a willful violation of the automatic stay of 11 U.S.C. § 362(a), entered a Decision and Order assessing a monetary sanction against Attorney Overley in the amount of $650.00 for legal fees. This decision was entered on November 18, 2010.

In re Veronica Russell
Case No. 10-33164

In the Decision assessing a monetary sanction against Attorney Overley, this Court made the following findings in accordance with Bankruptcy Rules 7052 and 9014:

> On May 6, 2010, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. After the commencement of her bankruptcy case, the Debtor's wages were garnished on two separate occasions in accordance with a state court judgment obtained by the Toledo Postal Employees' Credit Union. The first postpetition garnishment was for the amount of $451.00 and occurred on or about May 14, 2010. Two weeks later, on May 28, 2010, the Debtor's wages were again garnished – this time in the amount of $425.00.
>
> At the time of each of these garnishments, Attorney Overley was immediately notified of the action. Documentation, however, was not filed by Attorney Overley to have the state court release the garnishment until after the second postpetition garnishment to the Debtor's wages had occurred.
>
> By May 14, 2010, after the first postpetition garnishment had occurred, an affirmative duty had arisen on the part of Attorney Overley to take action to release the wage garnishment.
>
> The Debtor has since been reimbursed all the funds garnished on a postpetition basis.

Pursuant to these findings, this Court held that (1) Attorney Overley violated the automatic stay of 11 U.S.C. § 362(a); (2) such a violation was willful for purposes of § 362(k); (3) because the violation was willful, an award of actual damages, including attorney fees was mandatory; (4) the only actual damages sustained by the Debtor were attorney fees; (5) based upon a billing statement submitted by Debtor's attorney, the sum of $650.00 constituted a reasonable award for attorney's fees; and (6) an award of punitive damages was not warranted.

Page 2

In re Veronica Russell
Case No. 10-33164

## DISCUSSION

Before this Court is the Motion of Attorney Overley to Reconsider this Court's decision awarding attorney fees to the Debtor. Motions for Reconsideration are not expressly recognized by either the Federal Rules or the Bankruptcy Rules of Procedure. *Melton v. Melton (In re Melton)*, 238 B.R. 686, 692 (Bankr.N.D.Ohio 1999). Motions, however, so denominated are traditionally treated in one of two way: (1) as a Motion to Alter or Amend under Bankruptcy Rule 9023 if the motion is filed within 14 days of the rendition of the court's decision; or (2) if filed after 14 days, as a motion for Relief from Judgment under Bankruptcy Rule 9024.[1] *Id.*

In this matter, the Motion for Reconsideration filed by Attorney Overley is directed at this Court's Decision entered on November 18, 2010. Attorney Overley's Motion to Reconsider this Decision was filed on November 29, 2010, 11 days after the entry of the Decision. Accordingly, based upon the timing of these events, Bankruptcy Rule 9023 is applicable to Attorney Overley's Motion for Reconsideration.

Subject to a couple of limited exceptions, not applicable in this matter, Bankruptcy Rule 9023 provides that "Rule 59 F. R. Civ. P. applies in cases under the Code." Motions to Alter or Amend are governed by Rule 59(e) of the Federal Rules. Under Rule 59(e), no grounds are prescribed specifying the conditions upon which a court may alter or amend a judgment. Instead, the decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of trial court. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *cert. denied*, 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534.

---

[1] The 14 day time period became effective December 1, 2009. Prior to this date, the applicable time period under Bankruptcy Rule 9023 was 10 days.

Page 3

In re Veronica Russell
Case No. 10-33164

In their discretionary role, courts have generally recognized four grounds as warranting amending or altering a previously entered judgment: (1) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) newly discovered or previously unavailable evidence; (3) an intervening change in the controlling law; and (4) to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *In re Bunting Bearings Corp.*, 321 B.R. 420, 422 (Bankr. N.D.Ohio 2004). The party moving to alter or amend a judgment under Rule 59 carries the burden to show that grounds for the motion exist. *Fifth Third Bank of W. Ohio v. United States*, 52 Fed. Cl. 637, 639 (2002). The burden has been described as a heavy one. *Fla. Power & Light Co. v. United States*, 66 Fed.Cl. 93, 96 (2005). For his burden, Attorney Overley raised three overall grounds as the basis for his Motion to Reconsider. Each of these grounds will now be addressed.

Attorney Overley first argues that this Court's award of legal fees to the Debtor was improper because there was no continuing harm to the Debtor. In the words of Attorney Overley:

> The granting of attorney fees when there was no continuing injury or harm prior to the Motion being filed is improper because the Debtor's counsel received all paperwork necessary to make the Debtor whole on May 28, 2010. She called attorney Overley on May 28th and demanded payment of the garnished funds. Attorney Overley prepared all necessary documents to stop the garn and release the funds to Debtors' counsel on May 28th and Attorney Overley served said documents upon counsel on May 28th. In spite of and in possession of the documents necessary for return of funds, Debtors' counsel filed the Motion for Sanctions.

(Doc. No. 29, at pg. 2). In further support of his position, Attorney Overley also pointed out that four days prior to the filing of the Motion for Contempt/Violation of the Stay, Debtor's attorney was in possession of documents to halt the garnishment process. (Doc. No. 32).

The position taken by Attorney Overley, that of a lack of continuing harm, has a couple of weakness, however. First, Attorney Overley has not cited the Court to any authority, and the Court

Page 4

In re Veronica Russell
Case No. 10-33164

is not aware of any, which holds that a lack of continuing harm provides a defense against liability for a violation of the stay. To the contrary, it is the legal conclusion of this Court that one cannot defend against liability for a stay violation by claiming a lack of continuing harm. That is, a compensable stay violation will exist once a resulting injury from the stay violation occurs; one cannot defeat an action brought by a debtor for a stay violation by simply claiming no harm, no foul. *In re Beebe*, 435 B.R. 95, 101 (Bankr. N.D.N.Y. 2010).

As a factual matter, Attorney Overley's position, that a lack of continuing harm should operate as a defense against the imposition of liability for a stay violation, misses the point of this Court's decision. The Court did not impose sanctions when the Debtor's wages were garnished in the first instances, on May 14, 2010, even though this event occurred eight days after the filing of the Debtor's bankruptcy and at a time when Attorney Overley was aware of the Debtor's bankruptcy filing. Rather, in the early stage of the Debtor's bankruptcy, the Court gave Attorney Overley the benefit of the doubt. In doing so, the Court reasoned that, since Debtor's attorney had provided notice to the state court of the Debtor's bankruptcy, it would have been reasonable for Attorney Overley to assume that the state court would follow the requirements of § 362(a) and stay the garnishment order in effect against the Debtor.

As a result, the Court only found that an absolute duty arose on the part of Attorney Overley to take affirmative action to stop any future garnishments on May 14, 2010, when it had become obvious that his intervention in the matter was necessary. Hence, two weeks later, on May 28, when the Debtor's wages were again garnished, *for the second time*, the Court found that Attorney Overley had willfully violated the automatic stay of § 362. Moreover, and although not originally explained in detail, Attorney Overley's contention that his liability should have been absolved because he had prepared and given to Debtor's attorney certain documents to stop the garnishment was discounted for a couple of reasons.

Page 5

First, Debtor's attorney did not obtain possession of the documents until May 27, 2010, just one day prior to the second postpetition garnishment of the Debtor's wages. In addition, at the commencement of this case, Debtor's attorney had unsuccessfully filed documents in the state-court proceeding to have the garnishments stopped. Thus, there existed reasonable doubt as to whether Debtor's attorney could unilaterally cause the state court to cease its garnishments against the Debtor, thereby placing the impetus on Attorney Overley to take the necessary measures to stop the garnishments.

In sum, this Court's award of legal fees in favor of the Debtor was based upon an approximate two-week delay in any affirmative action being taken by Attorney Overley to have the garnishments stopped against the Debtor. Whether the Debtor suffered continuing harm had no bearing on this Court's ultimate finding of liability against Attorney Overley. For the Court, the measures taken by Attorney Overley around May 28 to have the garnishments stopped, while mitigating against the imposition of further sanctions, simply came too late to absolve him of all liability. Similarly, the fact that the Debtor was ultimately refunded the garnished funds, while again bearing on the issue of damages, does not serve to negate Attorney Overley's liability for a stay violation.

Attorney Overley's second argument in support of his Motion for Reconsideration involves a lack of any willfulness or intentional conduct on his part. According to Attorney Overley, during the weeks surrounding the filing of the Debtor's bankruptcy petition, he was dealing with some serious medical issues, and that the "judgment in this case does not take into account counsel's underlying and unavoidable health issues." (Doc. No. 29, at pg. 3). However, again, there are a couple of weaknesses with this position.

One, when first defending against the Debtor's Motion for Contempt/Violation of the Stay, Attorney Overley did not place his medical condition directly at issue. His medical condition is,

**In re Veronica Russell**
**Case No. 10-33164**

therefore, not a proper subject for consideration. Bankruptcy Rule 9023 does not permit a party to raise arguments that could have or should have been made prior to the entry of judgment. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998) (denying a motion for reconsideration under Rule 59). Likewise, a Rule 9023 action is not to be used as a device to raise a new legal theory or to present evidence that could have been presented prior to entry of judgment. *In re Handler*, 324 B.R. 194, 196 (Bankr. E.D.N.Y. 2005).

Even so, the connection between Attorney Overley's medical condition and his stay violation is tenuous. Particularly, there is no indication that Attorney Overley's medical condition(s) caused him to become incapacitated during May of 2010, and thus unable to perform his affirmative duty to promptly take action to stop the garnishments against the Debtor. In this way, there also exists some assumption of the risk on his part, with the medical condition(s) faced by Attorney Overley presumably being present at the time when he commenced legal action to have the Debtor's wages garnished.

Therefore, notwithstanding any medical issues faced by him, this Court's prior finding must still stand: Attorney Overley, by failing to promptly take action to have the wage garnishments against the Debtor stopped, willfully violated the automatic stay within the meaning of § 362(k). For this purpose, it is once more pointed out that a willful violation of the automatic stay will occur so long as it is determined that the violator acted with the general intent to cause harm; a finding of specific intent is not necessary. As set forth in this Court's prior decision entered in this case:

> an award of actual damages is mandatory upon a finding that the violation of the stay was willful. Specifically, § 362(k)(1) provides, inter alia, ". . . . an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."
>
> It is well-established that no specific intent is required to sustain a finding that a creditor willfully violated the stay. Instead, a willful violation of the

Page 7

In re Veronica Russell
Case No. 10-33164

> stay occurs simply when the creditor knew of the stay and violated the stay by an intentional act. For this purpose, Creditor's counsel fully acknowledged that he received actual notice of the Debtor's bankruptcy filing soon after the Debtor commenced her case. As a result, § 362(k)(1) requires that any damages sustained by the Debtor after May 14, 2010, when the stay violation first occurred, are compensable.

*In re Russell*, — B.R. —, 2010 WL 5392879 *2-3 (Bankr. N.D.Ohio 2010).

Attorney Overley's final argument in support of his Motion for Reconsideration holds that this Court's award of $650.00 for legal fees in the Debtor's favor was excessive given its ratio to the Debtor's actual damages. For this assertion, Attorney Overley points out that the Debtor's actual damages totaled just $939.83, with this amount representing the total amount of wages garnished. Attorney Overley also reminded the Court again that the garnished wages have since been returned to the Debtor.

This Court has admonished that it is improper for a debtor's attorney to view § 362(a) violations as a profit-making endeavor. *Harris v. Memorial Hosp. (In re Harris)*, 374 B.R. 611, 616 (Bankr. N.D.Ohio 2007). Thus, as put forth by Attorney Overley, it is well established that legal fees awarded for a stay violation should bear a reasonable relationship to the amount in controversy. As a result, significant awards of attorney fees are rarely appropriate when the debtor has no other damages besides attorney fees. *Id.*

In this matter, this Court's award of attorney fees constitutes approximately two-thirds of the Debtor's actual damages. To be sure, this is a rather high ratio. Yet, given the particular circumstances of this case, the Court is not persuaded that an award in the Debtor's favor of $650.00 in legal fees was excessive.

Page 8

In re Veronica Russell
Case No. 10-33164

The automatic stay of § 362(a) is designed to provide a debtor with a breathing spell from his or her creditors. *See Teachers Insurance & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 64 (2nd Cir. 1986) (quoting legislative history). But, in this matter, the breathing spell afforded to the Debtor was almost completely illusory, with the Debtor being deprived of a basic economic necessity: her wages. By comparison, this is not the case of an isolated dunning letter or collection call which, while possibly leading to some angst, rarely causes a debtor serious harm. Given, therefore, the immediacy of the Debtor's situation, an award of $650.00 in legal fees (with Debtor's attorney having sought $1,575.00) hardly strikes this Court as unreasonable.

In conclusion, in order to sustain a Rule 59(e) Motion to Alter or Amend, it must be shown that the error made by the court was material. *Innovative Home Health Care. Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998). For those reasons stated, the Court is not persuaded that Attorney Overley has sustained this burden. Resultantly, the Court's award of attorney fees to the Debtor in the amount of $650.00 will stand.

Accordingly, it is

**ORDERED** that the Motion for Reconsideration filed by Attorney Thomas G. Overley, as legal counsel for Toledo Postal Employees Credit Union, Inc., be, and is hereby, DENIED.

Dated: February 4, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 9

# CERTIFICATE OF SERVICE

Copies were mailed this 4th day of February 2011 to:

Douglas A Dymarkowski
5431 Main Street
Sylvania, OH 43560

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131

Veronica L. Russell
3617 Foxbrook Ct.
Toledo, OH 43611

Judith A Myers
316 N. Michigan, Suite 300
Toledo, OH 43604

Toledo Postal Employees Credit Union
435 S. St. Clair Street, Rm. 210
P.O. Box 117
Toledo, OH 43697

Sheila A McKeon
420 Madison Avenue, Suite 1250
Toledo, OH 43604

Thomas G Overley
3450 West Central Ave, #242
Toledo, OH 43606-1417

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court